Media Space, Inc. v. Commissioner of Internal Revenue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of September, two thousand twelve.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
          GUIDO CALABRESI,
          SUSAN L. CARNEY,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

MEDIA SPACE, INC.,
          Petitioner-Appellee,

          -v.-                                          11-2140

COMMISSIONER OF INTERNAL REVENUE,
          Respondent-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Arthur T. Catterall, *for* Dept.
                        of Justice - Appellate
                        Section/Tax Division,
                        Washington, D.C.

**FOR APPELLEES:**                    Dustin F. Hecker, Posternak
                                      Blankstein & Lund LLP, Boston,
                                      MA.

Appeal from an order of the United States Tax Court (Goeke, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Tax Court is **VACATED** and the case is **REMANDED** with instructions to dismiss.

The Commissioner appeals the Tax Court's order allowing Media Space to partially deduct forbearance payments as ordinary and necessary business expenses in its 2004 and 2005 tax returns.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]**  As Media Space represented in its April 4, 2012 filing with this Court, "Media Space paid the full amount due with respect to the tax years at issue on this appeal in September 2011."  Notice of Payment of Amounts at Issue on Appeal and, Alternatively, Request to Postpone Oral Argument (Dkt. No. 98) (Apr. 4, 2012).  Because Media Space's alleged tax deficiencies have been paid in full, no case or controversy exists and this case is moot.  See, e.g., Camreta v. Greene, 131 S. Ct. 2020, 2028 (2011).

**[2]**  The Commissioner argues that this Court should nonetheless address the legal questions presented in this appeal.  We decline to do so, because a federal court may not "decide the merits of a legal question not posed in an Article III case or controversy."  U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 21 (1994).

**[3]**  When a case is moot on appeal, the "established practice" of federal courts is to "vacate the judgment below and remand with a direction to dismiss."  United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950); see also Russman v. Bd. of Educ. of Enlarged City Sch. Dist., 260 F.3d 114, 121 (2d Cir. 2001).

Finding no merit in the Commissioner's remaining arguments, we hereby **VACATE** the order of the Tax Court and **REMAND** the case with instructions to dismiss the petition.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, CLERK